UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KRISTI L. TRUESDELL,

                Plaintiff,

v.                                            1:24-CV-1309
                                                    (GTS/DJS)

TED M. WILSON; PAULETTE M. KERSHKO;
SHEILA FLANAGAN; JOY LaFOUNTAIN;
COUNTY OF WARREN; GLENN LIEBERT;
GREGORY CANALE; ELIZABETH A. GARRY;
VERONICA REED; KATHERINE THOMPSON;
NANCY DECKER; DONALD DECKER; and
DOE,

                Defendants.
_____

APPEARANCES:

KRISTI L. TRUESDELL
  Plaintiff, *Pro Se*
1930 N. 6th Avenue
Altoona, Pennsylvania 16601

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Kristi L. Truesdell ("Plaintiff") against the above-captioned county and individuals ("Defendants") asserting claims under 42 U.S.C. §§ 1983 and 1988 and New York State law, are United States Magistrate Judge Daniel J. Stewart's Report-Recommendation, and Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 8, 9.)

Generally, in his Report-Recommendation, Magistrate Judge Stewart made the following recommendations: (1) that Plaintiff's claims against under 42 U.S.C. §§ 1983 and 1988 against

Defendants Wilson, Kershko, Garry, and Thompson, and Plaintiff's state-law eviction claim against Defendant Wilson, be dismissed with prejudice (and without leave to amend) based on the common-law doctrine of absolute judicial immunity; (2) that Plaintiff's claims under 42 U.S.C. §§ 1983 and 1988 against Defendants Liebert, Canale, Reed, and Flanagan be dismissed with prejudice (and without leave to amend) based on the lack of the possibility of alleging state action; (3) that Plaintiff's claims under 42 U.S.C. §§ 1983 and 1988 against Defendants Nancy Decker and Ronald Decker be dismissed without prejudice (and with leave to amend) based on the lack of factual allegations plausibly suggesting state action; (4) that Plaintiff's claims under 42 U.S.C. §§ 1983 and 1988 against Defendants LaFountain be dismissed without prejudice (and with leave to amend) based on the common-law doctrine of absolute quasi-judicial immunity; (5) that Plaintiff's claims under 42 U.S.C. § 1983 against Warren County be dismissed without prejudice (and with leave to amend) based on the lack of factual allegations plausibly suggesting *Monell* liability; and (6) that Plaintiff's state-law assault claim against Defendant Wilson be dismissed without prejudice (and with leave to amend) for failure to state a claim (including untimeliness).  (Dkt. No. 8.)

Even if Plaintiff's Objections could be liberally construed as containing specific challenges[1] to various portions of the Report-Recommendation, the Court finds, after carefully

---

[1]  To be "specific," an objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or

reviewing the relevant papers herein, no error[2] in such portions, and no clear error[3] in the remaining portions of the Report-Recommendation: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*See generally* Dkt. No. 8.) As a result, the Report-Recommendation is accepted and adopted for the reasons set forth therein. (*Id*.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's claims against under 42 U.S.C. §§ 1983 and 1988 against Defendants Wilson, Kershko, Garry, Thompson, Liebert, Canale, Reed, and Flanagan, and Plaintiff's state-law eviction claim against Defendant Wilson, are **DISMISSED with prejudice** (and without prior leave to amend); and it is further

**ORDERED** that Plaintiff's claims under 42 U.S.C. §§ 1983 and 1988 against Defendants Nancy Decker, Ronald Decker, LaFountain, and Warren County, and Plaintiff's state-law assault

---

recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

[3] When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.; see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

claim against Defendant Wilson, **shall be <u>DISMISSED</u> with prejudice**, and without further Order of this Court, **UNLESS, within THIRTY (30) DAYS** from the entry of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** that cures the pleading defects identified in the Report-Recommendation; and it is further

    **ORDERED** that, should Plaintiff timely file an Amended Complaint, it shall automatically be referred to Magistrate Judge Stewart for his review.

Dated: July 22, 2025
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge